```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

TED A. WHITSEL,
on behalf of himself
and others similarly situated,

    Plaintiff,

v.                               Case No. 8:21-cv-1433-VMC-TGW

LOANDEPOT.COM, LLC and
CENLAR, FSB,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendants Cenlar, FSB and Loandepot.com, LLC's Motion to Dismiss and Motion to Strike TCPA Class Claims (Doc. # 22), filed on August 26, 2021. Plaintiff Ted Whitsel responded on September 16, 2021. (Doc. # 27). For the reasons that follow, the Motion is denied.

**I.   Background**

Whitsel initiated this action on June 14, 2021. (Doc. # 1). He filed an amended complaint on August 4, 2021, asserting claims against Loandepot and Cenlar for alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. # 14). Whitsel alleges that he obtained a mortgage from

1

Loandepot in 2018 that was serviced by Cenlar. (Id. at 4-5). After that mortgage went into default, Loandepot filed a foreclosure action against Whitsel in January 2020. (Id. at 5). Soon after, Cenlar began calling Whitsel using an artificial or prerecorded voice. (Id.). Whitsel and his counsel for the foreclosure action informed Cenlar and Loandepot more than once that Whitsel was represented by counsel and that all direct contact with Whitsel should cease. (Id.). Yet, Cenlar "subsequently placed at least ten more calls to [Whitsel]'s cellular telephone number and delivered messages during some of these calls using an artificial or prerecorded voice." (Id. at 5-6).

In addition to bringing claims on his own behalf, Whitsel seeks to represent three separate classes. The first class — the "TCPA class" — is the relevant one here:

> All persons and entities throughout the United States (1) to whom Cenlar FSB, on behalf of Loandepot.com, LLC, placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an artificial or prerecorded voice, (4) from August 5, 2017 through the date of class certification, (5) after the called party instructed Cenlar FSB or Loandepot.com, LLC to cease calling his or her cellular telephone number.

(Id. at 8-9).

Now, Defendants seek to dismiss or strike the TCPA class claims. (Doc. # 22). Whitsel has responded (Doc. # 27), and the Motion is ripe for review.

## II. Legal Standard

A party may move to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2). See Fed. R. Civ. P. 12(b)(2). Additionally, Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature" and are often considered "time wasters." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2013 WL 12092070, at *4 (S.D. Fla. Mar. 22, 2013)("Motions to strike . . . are disfavored by courts.").

## III. Analysis

### A. Personal Jurisdiction

First, Defendants argue that the nationwide TCPA class claims should be dismissed for lack of personal jurisdiction. (Doc. # 22 at 1, 4). Specifically, they state that Whitsel

3

"cannot subject Defendants to personal jurisdiction in Florida as to the claims of the non-Florida members of its putative nationwide TCPA class, so the TCPA class claims should be dismissed under Rule 12(b)(2)." (Id. at 4).

While the Court understands Defendants' argument, this Court agrees with those courts who have held the personal jurisdiction question as to putative class members to be premature at the motion to dismiss stage. See Molock v. Whole Foods Mkt. Grp., Inc., 952 F.3d 293, 298 (D.C. Cir. 2020) ("Putative class members become parties to an action — and thus subject to dismissal — only after class certification. It is class certification that brings unnamed class members into the action and triggers due process limitations on a court's exercise of personal jurisdiction over their claims. Any decision purporting to dismiss putative class members before that point would be purely advisory." (citations omitted)); Jones v. Depuy Synthes Prod., Inc., 330 F.R.D. 298, 312 (N.D. Ala. 2018) ("[T]he Court agrees with Plaintiffs that it is at least premature to strike the proposed nationwide class on personal jurisdiction grounds. Due to the fact that Plaintiffs have yet to move for class certification, applying Bristol-Myers at this juncture would require the Court to undertake the nearly impossible task of conducting

a specific jurisdiction analysis over parties not yet before it."); Chernus v. Logitech, Inc., No. CV 17-673(FLW), 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018) ("At this stage of the litigation, no class has been certified, and therefore, to determine whether this Court has specific jurisdiction over Defendant with respect to the claims of the unnamed class members prior to class certification would put the proverbial cart before the horse. In other words, because the class members are not yet parties in this case — and they may not be — absent class certification, I need not analyze specific jurisdiction with respect to their claims.").

Thus, the Motion is denied as premature as to this argument. However, Defendants have preserved their personal jurisdiction objection and may raise it again at the class certification stage.

### B. Individualized Issues

Next, Defendants argue that the class claims should be stricken because Whitsel's "TCPA class definition has no colorable path to certification." (Doc. # 22 at 9). According to them, "[c]ertification of the TCPA class is impossible because it rests on the fact-bound question of revocation of consent to receive communications under the TCPA, and that

5

question cannot be decided on a class-wide basis on common proof." (Id. at 10).

"While it is sometimes possible to decide the propriety of class certification from the face of the complaint, the Supreme Court has emphasized that class certification is an evidentiary issue, and 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" Herrera v. JFK Med. Ctr. Ltd. P'ship, 648 F. App'x 930, 934 (11th Cir. 2016) (citations omitted). "In fact, 'the determination usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential." Id. (citation omitted). "After all, 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" Id. (citation omitted).

Although the Court understands Defendants' concerns, "the issue of '[w]hether Plaintiff's claim deserves class treatment is a fact-dependent inquiry unsuitable for a motion to dismiss or strike.'" Shamblin v. Obama For Am., No. 8:13-cv-2428-VMC-TBM, 2014 WL 631931, at *2 (M.D. Fla. Feb. 18,

6

2014). Rather, this argument is better addressed at the class certification stage after the parties have engaged in discovery. See Argentine v. Bank of Am. Corp., No. 8:15-cv-957-RAL-JSS, 2015 WL 12844395, at *1 (M.D. Fla. July 29, 2015) (denying motion to strike as premature and stating, "[i]n the context of motions [to strike] directed to allegations of class certification as insufficient under Federal Rule of Civil Procedure 23, the court must be particularly hesitant to decide matters against a class in view of the absence of a developed factual record").

Indeed, this Court cannot determine based on the amended complaint that class certification is impossible. See Oginski v. Paragon Props. of Costa Rica, LLC, No. 10-21720-CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011)("Dismissal at [the motion to dismiss stage] is an extreme remedy appropriate only where a defendant demonstrates 'from the face of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[] regardless of the facts the plaintiff[] may be able to prove.'" (citation omitted)). Thus, the Motion is denied. Defendants may raise their arguments again at the class certification stage.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Cenlar, FSB and Loandepot.com, LLC's Motion to Dismiss and Motion to Strike TCPA Class Claims (Doc. # 22) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of September, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE